UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TYWASKI KING                                                                    Civil Docket No. 5:16-cv-1745

VERSUS

JAMES M. LE BLANC, Secretary of the Department of
Public Safety and Corrections; KEN BAILEY, Sheriff
of the CLAIBORNE PARISH SHERIFF OFFICE;
JERRY GOODWIN, Warden, David Wade Correctional                CHIEF JUDGE
Center, and Captain HUEY and Lieutenant CARTER,
Corrections Officers at David Wade Correctional Center;
each individually and in their official capacity

                                                                                MAGISTRATE JUDGE

**COMPLAINT FOR DAMAGES**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION:**

The Complaint of Tywaski King, an inmate who, at all times relevant, has been residing in David Wade Correctional Center in Homer, Claiborne Parish, Louisiana, within the district of this court, appearing herein by and through undersigned counsel, respectfully represent that this is a civil action against JAMES M. LE BLANC, Secretary of the Department of Public Safety and Corrections, and SHERIFF KEN BAILEY, each individually and in their official capacity; JERRY GOODWIN, Warden, David Wade Correctional Center, and Corrections Officers CPT. HUEY AND LT. CARTER, each individually and in their official capacity; for violation of Complainant's constitutional rights, the details of which are set forth herein below. This civil rights action seeks damages against Defendants for committing acts under color of state law and depriving Complainant of rights secured by the constitution and law of the United States.

## JURISDICTION AND VENUE

1. The Jurisdiction of this Honorable Court is invoked pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 for violation of the Fourth, Eight, and Fourteenth Amendments to the United States Constitution. This Honorable Court has jurisdiction of this act under U.S.C. Section 1983, 28 U.S.C. 1343, and 28 U.S.C. Section 1331.

2. Complainant further invokes the supplemental jurisdiction of this Court to consider claims arising under state law pursuant to 28 U.S.C. Section 1367.

3. Jurisdiction against the governmental and individual defendants is conferred upon this Court by 28 U.S.C. Section 1331 (federal question) and 1343 (3) (civil rights).

4. The state law claims for relief are within the supplemental jurisdiction of this court, pursuant to 28 U.S.C. Section 1367.

5. All the events referred to in this complaint occurred within the Western District of Louisiana, United States of America. Venue is proper in this court.

6. Complainant claims herein arise out of an incident involving the Claiborne Parish Sheriff Office, State of Louisiana, and within this judicial district.

## PARTIES

7. Complainant, TYWASKI KING, is an inmate who at all times relevant has been residing in David Wade Correctional Center in Homer, Claiborne Parish, Louisiana.

8. Made Defendant herein is JAMES M. LE BLANC, who at all times pertinent was Secretary of the Department of Public Safety and Corrections, State of Louisiana. He has ultimate responsibility within the Department for overseeing the operations of

state prison facilities and ensuring prison officials' adherence to federal and state law and official DPSC policy. He is being sued in his individual and official capacities.

9. Made Defendant herein is KEN BAILEY, who at all times pertinent was Sheriff of the Claiborne Parish Sheriff Office (CPSO) in Claiborne Parish, Louisiana. He is the governing authority for the CPSO and David Wade Correctional Center operation, pursuant to state law. He is being sued in his individual and official capacities.

10. Made Defendant herein is JERRY GOODWIN, who at all times pertinent was Warden of the David Wade Correctional Center in Claiborne Parish, Louisiana. He is responsible for the daily operations of David Wade Correctional Center. He is being sued in his individual and official capacities.

11. Made Defendant herein is "Captain Huey", who at all times pertinent was a corrections officer at David Wade Correctional Center in Claiborne Parish, Louisiana. He is being sued in his individual and official capacities.

12. Made Defendant herein is "Lieutenant Carter", who at all times pertinent was a corrections officer at David Wade Correctional Center in Claiborne Parish, Louisiana. He is being sued in his individual and official capacities.

13. At all relevant times, all Defendants acted under color of state law, and all individual Defendants were acting within the scope of their employment.

## EXHAUSTION

14. Mr. King has exhausted such administrative remedies as were available to him.

## PREVIOUS LAWSUITS

15. Mr. King has never previously filed any lawsuits in state or federal court relating to his imprisonment.

## STATEMENT OF FACTS

16. TYWASKI KING is an inmate incarcerated at the David Wade Correctional Center.

17. Mr. King was placed on suicide watch on June 26, 2016. He was stripped of all implements that might assist suicide, including his clothing.

18. The officers on duty at the time were Captain Huey and Lieutenant Carter.

19. On or about June 28, 2016, at approximately 5:00 pm, Captain Huey placed an inmate in Mr. King's cell, and inmate with a known history of violent tendencies.

20. Captain Huey indicated to Mr. King that he had personal knowledge of that inmate's intent to attack Mr. King and placed him in the cell for that specific purpose.

21. At the time, Mr. King was naked and handcuffed, while the inmate placed in his cell was not, neither was that inmate on suicide watch.

22. Left alone, Mr. King was then brutally beaten for several minutes with no ability to defend himself, suffering punches and kicks about his body, including his chest area.

23. Lt. Carter, whom was responsible for making rounds, wholly ignored the substantial risk of serious harm and violence Mr. King faced, failed and refused to adequately monitor him or his cell, and failed and refused to timely intervene.

24. Immediately following the attack, Mr. King complained of pain in his face, chest and abdomen from being hit and kicked, but was only given ibuprofen and ointment.

25. Prior to the attack, Mr. King was in good physical condition, with no significant physical health problems. Afterward, he suffered lingering physical pain indicating potentially more serious internal injury at the time.

26. Mr. King received no additional medical treatment or follow up, despite complaints, except for an x-ray performed only after he met with his attorney concerning the case.

27. Mr. King received no psychiatric or psychological assessment or counseling for emotional trauma resulting from or exacerbated by the attack.

28. Since the attack, Mr. King has endured taunts and harassment by both officers and other staff.

General Allegations on Policy and Practice

29. Mr. King is informed and believes, and on the basis of such information and belief alleges, that Secretary James M. Le Blanc, Sheriff Ken Bailey and Warden Jerry Goodwin, Defendant decision makers, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional statutory rights of the Mr. King, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of among other things,

   a. Subjecting people with known mental health concerns to unreasonable risk of violence against their persons by corrections staff and other inmates;

   b. Selecting, retaining, and assigning employees with demonstrable propensities for violence, negligence, and other misconduct;

   c. Failing to adequately train, supervise, and control employees in the dangers of placing in the same cell inmates on "suicide watch" and inmates who are not;

    d. Failing to adequately train, supervise, and control employees in the dangers of placing in the same cell inmates who are cuffed and inmates who are not, and failing to check inmates to ensure such dangerous circumstances do not occur;

    e. Failing to adequately train, supervise, and control employees in the dangers of placing in the same cell uncuffed, fully clothed inmates with violent histories and cuffed, naked inmates on suicide watch due to mental health concerns, and failing to properly ensure such dangerous circumstances do not occur;

    f. Failing to adequately discipline officers involved in negligence or misconduct such as occurred against Mr. King;

    g. Condoning and encouraging corrections officers in the belief that they can violate the rights of persons such as Mr. King with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

30. Mr. King is informed and believes, and on the basis of such information and belief allege, that the Defendant decision makers ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other Defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraphs.

31. Defendants' conduct as alleged herein exhibit constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of Mr. King.

32. Mr. King is informed and believes, and on the basis of such information and belief allege, that the Defendants have never imposed any significant discipline on the inmate who attacked Mr. King, nor have they sought his prosecution.

33. Mr. King is informed and believes, and on the basis of such information and belief allege, further, that no Defendant decision maker has ever disciplined the other Defendants for their failure to protect Mr. King from the abuse he suffered.

34. As a direct result of the Defendants' acts and omissions, Mr. King has suffered physical injuries resulting from his attack, intense degradation and humiliation, excruciating emotional pain, and lasting psychic trauma.

35. The physical and emotional distress Mr. King suffered justify general damages, all in amounts in accordance with proof.

36. The conduct of the individual Defendants was willful, malicious, oppressive, and in reckless disregard for the constitutional rights of Mr. King and thus justify punitive damages against the Defendants in an amount in accordance with proof.

## CAUSES OF ACTION

37. Regarding each of these claims, Defendants engaged in conduct with malice and reckless or callous indifference to the constitutional and statutory rights of Mr. King.

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. 1983 – EIGHTH AMENDMENT)

38. Defendants knew they had a legal obligation to protect Mr. King from attack, and knew their actions and omissions created a substantial risk of serious injury to him.

39. With deliberate indifference to Mr. King's personal safety, Defendants failed to protect him from substantial risk of serious harm, in violation of his rights under the Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

40. The deprivations of Mr. King's rights described herein constitute a risk of harm so grave that it violated contemporary standards of decency.

## SECOND CLAIM FOR RELIEF

### (42 U.S.C. 1983 – EQUAL PROTECTION/DISCRIMINATION)

41. In applying prison policies, practices and procedures in the housing, monitoring and supervision of inmates on suicide watch, and responding to acts of and complaints of violence made by them, Defendants intentionally treated Mr. King differently than other similarly situated inmates on account of his race, and motivated by racial animus deprived him of the equal protection of the laws, in violation of his rights under Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

42. Defendants Huey and Carter, acting within the scope of their employment, recklessly and with the intention of causing Mr. King severe emotional distress, engaged in extreme and outrageous conduct by way of acts that constitute colluding with another inmate in his assault, and thereafter by promoting a threatening and unduly hostile and antagonistic environment after Mr. King complained.

43. Defendants thereby intentionally and unlawfully caused Mr. King to fear offensive and harmful contact, and intentionally and unlawfully by their own acts and omissions caused such offensive and harmful contact to occur.

44. As a direct and proximate result of Defendants' conduct, which were so outrageous in character and extreme in degree as to be utterly intolerable in a civilized society, Mr. King suffered physical injury and damages as well as severe mental and emotional distress, which only compounded his then preexisting mental health concerns.

45. Defendants engaged in conduct with malice and reckless or callous indifference to the rights of Mr. King, thus giving rise to claims for damages under La. CC Art. 2315.

## FOURTH CLAIM FOR RELIEF

### (Inadequate Medical Attention)

46. The United States Constitution and the Louisiana Constitution guarantee the rights to appropriate medical attention for people in state custody. Defendants, by engaging in the wrongful conduct alleged herein, denied these rights to Mr. King, thus giving rise to claims for damages pursuant to La. CC Art. 2315.

## RELIEF REQUESTED

**WHEREFORE**, Complainant, TYWASKI KING, requests the following relief from this Court:

1. A declaratory judgment that the policies, practices, acts and omissions complained of herein violated Mr. King's rights;

     2. A permanent injunction directing the Defendants to offer Mr. King appropriate medical and psychiatric treatment and counseling for the physical and psychic injury he has suffered because of their acts and omissions;

     3. Compensatory damages against each Defendant, jointly and severally;

     4. Punitive damages against each Defendant, jointly and severally;

     5. Retention of jurisdiction over Defendants until such time that the Court is satisfied that defendants' unlawful policies, practices, acts and omissions no longer exist and will not recur;

     6. Reasonable attorney's fees and costs, and expenses incurred; and

     7. Such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

     The plaintiff requests a trial by jury on all issues triable by a jury.

     Respectfully submitted,

***/s/LaKeisha J. Johnson***
LaKeisha J. Johnson
700 University Ave
Stubbs 222
Monroe, LA 71203
318-600-5840 phone
318-302-2064 facsimile
ljjohnson@thejohnsonfirmllc.com

Bar Roll No. 29920