UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TYWASKI KING                                  CIVIL ACTION NO. 16-cv-1745

VERSUS                                        JUDGE HICKS

JAMES M. LeBLANC, ET AL                       MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

This is a civil rights action under Section 1983 seeking damages for injuries suffered by Plaintiff while incarcerated at David Wade Correctional Center ("David Wade"). Plaintiff essentially alleges that, due to the unconstitutional policies, customs, and practices of the Defendants, Plaintiff was placed in the same cell with a known violent offender while Plaintiff was handcuffed, naked, and on suicide watch. The offender punched and kicked Plaintiff while Plaintiff was helpless to defend himself.

Before the court is a Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Secretary LeBlanc and Warden Goodwin. Doc. 15. Movants argue that they were not personally involved in the conduct that caused the alleged deprivation of Plaintiff's constitutional rights, and that Plaintiff has not alleged a causal connection between their conduct and the alleged constitutional violation. Defendants also argue that they are entitled to qualified immunity.

**Allegations of the Complaint**

The allegations of Plaintiff's complaint, which must be taken as true for the purpose of this motion, may be fairly summarized as follows. Plaintiff was incarcerated at David Wade when he was placed on suicide watch and stripped of all of his clothing. The officers on duty at the time in question were Captain Huey and Lieutenant Carter.

Captain Huey placed an inmate with a known history of violent tendencies in the cell with Plaintiff. Captain Huey indicated to Plaintiff that he had personal knowledge of the inmate's intent to attack Plaintiff, and Captain Huey placed that inmate in Plaintiff's cell for that specific purpose. At the time the other inmate was put in Plaintiff's cell, Plaintiff was naked and handcuffed. The other inmate was not, and he also was not on suicide watch.

The other inmate brutally beat Plaintiff for several minutes by punching and kicking him about his body. Lieutenant Carter, who was responsible for making rounds at the time, ignored the risk of harm that Plaintiff faced, failed and refused to adequately monitor Plaintiff or his cell, and failed and refused to intervene timely.

The only defendants who joined this motion are Secretary Leblanc and Warden Goodwin. Plaintiff alleges that LeBlanc and Goodwin (who Plaintiff collectively refers to as "Defendant decision makers") acted with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional rights of Plaintiff by maintaining, permitting, or acquiescing in the following policies, practices, or customs:

(A) Subjecting people with known mental health concerns to an unreasonable risk of violence by corrections staff and other inmates;

(B) Selecting, retaining, and assigning employees with demonstrable propensities for violence, negligence, and other misconduct;

(C) Failing to adequately train, supervise, and control employees in the dangers of placing in the same cell inmates on suicide watch and inmates who are not;

(D) Failing to adequately train, supervise, and control employees in the dangers of placing in the same cell inmates who are cuffed and inmates who are not;

(E) Failing to adequately train, supervise, and control employees in the dangers of placing in the same cell uncuffed, fully-clothed inmates with violent histories and cuffed, naked inmates on suicide watch due to mental health concerns;

(F) Failing to adequately discipline officers involved in the negligence or misconduct against Plaintiff; and

(G) Condoning and encouraging correction officers in the belief that they can violate the rights of persons such as Plaintiff with impunity.

Plaintiff alleges that the Defendant decision makers ordered or allowed customs and usages permitting the other Defendants to engage in unlawful and unconstitutional actions, policies, and practices. Plaintiff further alleges that Defendants' unconstitutional conduct was based either on a deliberate plan or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security and rights of Plaintiff.

**Analysis**

Secretary LeBlanc and Warden Goodwin attack the claims against them based on their lack of personal involvement in the underlying facts. They argue that, for a state official to

be liable under 42 U.S.C. 1983, the official must either have been personally involved in conduct causing the alleged deprivation of the inmate's constitutional rights, or there must be a causal connection between the conduct of the official and the constitutional violations sought to be redressed. Defendants also argue that they are entitled to qualified immunity.

Plaintiff concedes that, under Section 1983, officials are generally not vicariously liable for the conduct of those under their supervision. However, Plaintiff argues that supervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury to Plaintiff.

The court finds that Plaintiff has sufficiently stated a claim against Secretary LeBlanc and Warden Goodwin to survive a pleading stage review under Rule 12(b)(6). Plaintiff's complaint details the implementation of policies and procedures that (allegedly) directly created the circumstances that caused the beating and the damages he suffered. This includes the policy of subjecting people with known mental health concerns to an unreasonable risk of violence. Although an official policy usually exists in the form of written policy statements, ordinances, or regulations, it may also arise in the form of a widespread practice that is so common and well settled as to constitute a custom that fairly represents policy. Balle v. Nueces County, Texas, 2017 WL 2590512 (5th Cir.). To survive a motion to dismiss, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts. Id. Thus, pleadings are sufficient when they make specific factual allegations that allow a court to

reasonably infer that a policy or practice exists and that the alleged policy or practice was the moving force behind the constitutional violation. Id.

Plaintiff's allegations, construed in a light most favorable to Plaintiff, are sufficient to meet this standard. Those allegations are also sufficient to overcome the qualified immunity defense on pleadings review. A prior Supreme Court opinion should not be necessary to notify corrections employee not to place a naked, handcuffed inmate on suicide watch in the same cell with an unrestrained inmate with a known reputation for violence. Hope v. Pelzer, 536 U.S. 730 (2002)(prison officials not entitled to qualified immunity, despite the lack of prior decision on point, for cuffing a shirtless prisoner to an outdoor hitching post for several hours with little water and no bathroom break).

**Conclusion**

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. It is sometimes the better course of action to proceed with discovery and, if appropriate, attack all of the claims at once with a motion for summary judgment. For present purposes, the court finds that Plaintiff's complaint sufficiently states a viable cause of action against Secretary LeBlanc and Warden Goodwin. Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 15)** be **denied**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of July, 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge